UNITED STATES

v.

Airman Frank E. WOODS, FR 570–86–8799, United States Air Force.

ACM S24541.

U. S. Air Force Court of Military Review.

10 Feb. 1978.

---

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Kenneth R. Powers, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr. and Captain John W. Johnson.

Before EARLY, FORAY and HERMAN, Appellate Military Judges.

## DECISION

HERMAN, Judge:

Joinder of a seven day absence without leave with four specifications of violating a general regulation controlling the purchase of duty free merchandise in an overseas area is alleged to contravene paragraph 26c, Manual for Courts-Martial, 1969 (Rev.), by combining a minor offense with serious offenses. We find no error, since, in this context, a seven day absence is not a minor offense.

In four specifications alleging violations of Article 92, Uniform Code of Military Justice, the accused was charged with purchasing two turntables, four television sets, three stereo receivers and two cassette tape recorders, all duty free and without adequate justification, during a five week period between March and May 1977. The absence without leave charge occurred in July 1977. At trial, defense counsel moved to dismiss the absence charge as violative of paragraph 26c, Manual, supra, which provides:

> Ordinarily, charges for minor derelictions should not be joined with charges for serious offenses. For example, a charge of failure to report for a routine roll call should not be joined with a charge of burglary. If, however, the minor offense serves to explain the circumstances of the greater offense, it is permissible to charge both.

In my dissenting opinion in *United States v. Schwade*, 1 M.J. 887 (A.F.C.M.R. 1976), the history of this provision was explored; the majority did not agree to dismiss a minor offense of failure to report

which had been joined with a larceny charge. In that case, the minor offense did not serve to explain the serious offense, and could not otherwise be justified,[1] but the majority apparently found no prejudice.

 In the case before us, the offense alleged to be "minor" is one which includes in its maximum punishment six months confinement at hard labor and forfeitures of pay for a similar period. We are not prepared to extend the definition of "minor offense" to one including this much potential confinement and forfeitures. The examples of minor offenses given in the current *Manual* and its predecessors are: losing through neglect government property of small value,[2] absence from a routine duty,[3] failure to repair for reveille [4] and the above-mentioned failure to report for a routine roll call.[5] None of these offenses, or those identified as minor in cases before military courts are punishable by the maximum authorized for a seven day absence.[6]

Although we specifically find a seven day absence without leave is not a minor offense in this case for the purpose of joinder with violations of a general regulation concerned with duty free merchandise, the rule we apply is not completely inflexible or dependent solely upon the maximum punishment authorized. The language of paragraph 26c, *Manual*, is not to be applied rigidly to an individual offense taken out of the context of all charges against an accused; rather, the relative degree of seriousness of the major charge or charges against an accused must be weighed against any less serious charge. For example, if one or more murder, rape, arson or burglary charges were combined with this seven day absence, a different result might have obtained; however, if such absence explained the serious offense or commenced shortly thereafter, we would not question the propriety of the joinder.

We find no merit in the errors assigned by appellate defense counsel.

For the foregoing reasons, the findings of guilty and sentence are

AFFIRMED.

EARLY, Chief Judge, and FORAY, Judge, concur.

---

1. If an absence commences shortly after the commission of another offense, it may create an inference of consciousness of guilt, Manual for Courts-Martial, 1969 (Rev.), paragraph 138*g* (4), and thus may fall within the exception.

2. Manual for Courts-Martial, 1917, paragraph 67; Manual for Courts-Martial, 1921, paragraph 67.

3. Id. Also, Manual for Courts-Martial, 1928, paragraph 27.

4. Manual for Courts-Martial, 1949, paragraph 27.

5. Manual for Courts-Martial, 1969 (Rev.), paragraph 26*c*; Manual for Courts-Martial, 1951, paragraph 26*c*.

6. Although paragraph 128*b* of the 1969 *Manual* defines minor offense, the dissimilar purpose for which that definition is to be applied (nonjudicial punishment) implies the use of other criteria and thus makes it inapplicable to the issue of joinder of offenses.